13737

CAROLINA BAKING CO. v. GEILFUSS *ET AL.*
DAIRY PRODUCTS CO. *ET AL.* v. CAMPBELL *ET AL.*

(172 S. E., 148)

*Messrs. Carlisle, Brown & Carlisle* for appellants,

*Messrs. S. R. Watt* and *C. E. Daniel* for respondent.

December 12, 1933.

The opinion of the Court was delivered by Mr. W. C. COTHRAN, ACTING ASSOCIATE JUSTICE.

In order to be thoroughly understood, this opinion should be read in connection with the opinion reported in 169 S. C., at page 348, 168 S. E., 849.

Upon the coming down of the opinion in that case, the appellants herein made demand of J. L. Campbell, as trustee, and Le Roy Moore, as Master, for the payment of their

claims, alleging that the judgment of the Supreme Court had ordered them paid in full. This demand was refused, and the appellants thereupon brought suit, by mandamus, to compel the payment of their claims. A rule to show cause was obtained from Judge Sease, and, the respondents having filed answer and made return to the rule, the matter was heard by Judge Sease, who rendered his decree on June 24, 1933. The effect of his decree was to deny the application for mandamus, and in regard to payments the decree provided as follows: "It is further ordered that the trustee and Master, in disbursing the funds on hand and that may hereafter be collected, shall equalize the petitioners with all other creditors in respect to dividends already paid, and shall, in disbursing future collections, pay dividends to them. In addition, they shall hold back and keep on hand at all times a sum sufficient to pay the unpaid balances of their claims in full."

Certain dividends have been paid to creditors other than these appellants, and the appellants contend that they are entitled to interest on their claims from July 21, 1932; this being the date of the payment of dividends to other creditors, amounting to about $20,000.00. It is also the date of the order of Judge Sease which modified the order of Judge Shipp and which caused the appeal above referred to, in 169 S. C., 348, 168 S. E., 849. It further appears that the respondents have on hand sufficient funds to pay the appellants in full.

From the decree of Judge Sease this appeal is taken; the appellants claiming that they are entitled to a writ of mandamus compelling immediate payment of their claims under the decision in the former appeal, that the holders of the funds should be placed under bond, and also that the appellants are entitled to interest upon their demands, at the legal rate, from July 21, 1932.

The contention of the respondents is that the order of the Circuit Court and the opinion of the Supreme Court contemplated the payment in full of the agreed purchase price for the properties and that the payment in full of the claims

of the appellants should not be made until the purchase price be paid in full; that there is an unpaid balance of some $63,-000.00 yet due on the purchase price of the properties, which amount may or may not ever be collected. They further contend that dividends have been paid to these appellants under orders of Mr. Justice Bonham of this Court, dated August 24 and August 28, 1933. They deny that it is at all necessary for the officers in charge of the funds to give bond; the reasons therefor being fully stated.

In regard to interest on the claims of the appellants, it does not appear that the Circuit Judge passed upon this question. The appellants contend that they should be allowed interest to compensate them for the failure to receive dividends when the other creditors were paid and that the payment of some $20,000.00 in dividends to other creditors was an advantage secured by said creditors to the detriment of these appellants. They further contend that the $20,000.00 paid to other creditors was more than enough to pay the claims of these appellants in full and that the allowance of interest to these appellants would equalize the benefits between the respective parties. The respondents say that the appellants were paid dividends under the orders of Mr. Justice Bonham, above referred to. The orders are not published in the transcript. If the basis of the equitable claim for interest be upon the failure of these appellants to receive dividends, then, if dividends were received, as alleged, the foundation for the equitable claim of interest falls and the claim itself falls with it. If, however, the dividends were paid to other creditors and not to the appellants, we think the claim for interest is just and should be allowed. This fact can be easily determined in the Court below.

From what follows it would appear unnecessary to pass upon the question of bond being given by the custodians of the fund. If the appellants are paid in full, as herein provided, they will not be greatly interested whether the balance of the fund be safeguarded or not.

On October 7, 1930, all interested parties appeared before Judge Shipp and he signed a Consent Order confirming the agreement as to a sale of the properties involved and providing that the purchase price be disbursed by paying taxes, costs, expenses, etc., first and that the creditors, other than the two banks, be paid in full. It later appeared that the debts were greater than expected, and a circular letter was sent to all the creditors asking that the banks be relieved from the provisions of the order of Judge Shipp and that a *pro rata* division of the funds on hand and to be collected be made to all creditors, including the two banks. Many of the creditors accepted this change, although some of them, including the appellants herein, refused to do so. The order of Judge Sease modifying the order of Judge Shipp, in accordance with the wishes of a majority of the creditors, occasioned the appeal in the first case.

As will be seen by reference to the first appeal, the order of Judge Sease was reversed; the Court holding that all creditors who consented to the order were bound thereby but that no others were so bound. The Court then held that the objecting creditors were entitled to be paid their claims, as directed by the decree of Judge Shipp, and the decree says that they shall be paid in full from the purchase price.

Commenting on the order of Judge Sease, and especially the portion of the order above set out, it appears that little difference would be made to any of the parties whether the appellants are paid now or at some future time. The money sufficient to pay them is on hand, and the actual currency is kept in a safe deposit box, of course, without interest. The order provides that these appellants shall be paid, from funds now on hand or to be collected, an amount sufficient to equalize them with all other creditors in respect to dividends and that they shall receive additional dividends from future collections. The order then provides that the master and trustee shall keep on hand, at all times, a sum sufficient to pay them in full.

Under these conditions we see no reason whatsoever why these appellants should not be paid in full, immediately. The funds are drawing no interest and hence are not increasing for the benefit of other creditors; the money is on hand for the payment of these claims, and they have been ordered paid not only by the order of Judge Shipp but by the order of this Court. The time of payment seems to have been a principal ground of contention, and, in order that this question may be definitely settled, we hold that the payment should have been made upon the determination of the former appeal. Not having been made then, the writ of mandamus should have been granted and immediate payment ordered.

It is the judgment of this Court that the order of the Circuit Court refusing the writ of mandamus be, and the same is hereby, reversed, and this cause is referred back to the Circuit Court for the purpose of carrying out the orders herein contained.

MR. CHIEF-JUSTICE BLEASE and MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.